# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **WILLIE MAE LENOIR and COURTNEY M. BLAKE** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:18-CV-607-CWR-LRA** |
| **NISSAN NORTH AMERICA, INC.; PREMISE HEALTH EMPLOYER SOLUTIONS, LLC; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; and JOHN DOES 1-10** | **DEFENDANTS** |

## ORDER

Before the Court is Premise Health Employer Solutions' motion to dismiss.

## I. Factual Background and Procedural History

Plaintiffs Willie Lenoir and Courtney Blake, both African American, worked as product technicians for Defendant Nissan North America, Inc. Nissan hired Plaintiffs in early April 2003. In February 2015, Lenoir underwent a workplace drug test, was notified that the test was positive for cocaine, and was terminated despite her attempts to dispute the validity of the test results. In April 2015, the same thing happened to Blake.[1] In conducting the drug tests, Nissan contracted with Defendant Premise Health Employer Solutions, LLC to administer the drug tests. Premise subcontracted with Defendant Quest Diagnostics Clinical Laboratories, LLC to perform the tests on the specimen.

On August 30, 2018, Plaintiffs brought this suit against Defendants alleging federal claims of harassment, hostile work environment, retaliation, and discrimination under Title VII

---

[1] Both plaintiffs maintain that they have never taken any illegal drugs.

of the Civil Rights Act; 42 U.S.C. § 1981; the Americans with Disabilities Act (ADA); and Title II of the Genetic Information Nondiscrimination Act (GINA). Plaintiffs also brought common law claims of failure to train and respondeat superior, intentional and negligent infliction of emotional distress, conspiracy, wrongful termination, tortious interference with contract, and negligence.

On October 30, 2018, Quest Diagnostics filed its motion to dismiss. On November 13, Premise filed a joinder in that motion. Pursuant to an Agreed Order of Dismissal, all claims against Quest Diagnostics were dismissed with prejudice on December 4, 2018. What remains is whether the claims against Premise should proceed.

The motion to dismiss first argues that Plaintiffs' common law claims are all time barred by the applicable statute of limitations. In the alternative, the motion argues that each of those claims fail as a matter of law. As for the statutory employment claims, the motion argues that Plaintiffs did not exhaust their administrative remedies and have not timely filed charges of discrimination against Premise with the EEOC. Alternatively, Premise argues those statutory claims are conclusory and insufficiently pled because Premise is not Plaintiffs' employer.

The familiar motion to dismiss standard applies. *See Arich v. Dolan Co.*, No. 3:11-CV-538-CWR-LRA, 2012 WL 2025202, at *2-3 (S.D. Miss. June 5, 2012).

## II. Statutory Employment Claims (Counts I-IV and VI)

The Complaint does not explicitly assert any of the statutory employment claims against Premise. To the extent that any are implied, Premise argues that the Title VII (Counts I, IV, and VI), ADA (Count II), and GINA (Count III) claims are procedurally barred because Plaintiffs did

not exhaust their administrative remedies.[2] Although Plaintiffs received their Right to Sue letter as to Nissan, Premise argues that it was not a named party or Respondent in the administrative charge. Plaintiffs do not dispute this. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *see also* 42 U.S.C. § 2000ff-6. Generally, plaintiffs have 180 days from the date of the alleged violation to file their charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e) & (f); 29 C.F.R. § 1601.13(a)(1). The Court finds that Premise's arguments are well founded. Consequently, Plaintiffs are procedurally barred from bringing claims against Premise under Title VII, the ADA, and GINA.[3]

## III.   Common Law Claims (Counts VII-XII)

Claims of intentional infliction of emotional distress (IIED) are subject to a one-year limitations period. *See* Miss. Code Ann. § 15-1-35; *see also Jones v. Fluor Daniel Services Corp.*, 32 So. 3d 417, 423 (Miss. 2010). All of Plaintiffs' remaining common law claims are subject to the catch-all three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49.

Lenoir learned of her failed drug test and was terminated in February 2015. Blake learned of the same and was terminated in April 2015. Plaintiffs did not file their Complaint until August

---

[2] Plaintiffs also brought a racial discrimination claim under 42 U.S.C. § 1981. There is no exhaustion requirement for this claim. *See Swanson v. City of Bruce, Miss.*, 105 F. App'x. 540, 543 n.2 (5th Cir. 2004). No argument was presented as to why this claim should be dismissed.

[3] In its rebuttal, Premise makes the point that it was not Plaintiffs' employer. Docket No. 31, at ¶ 8. All parties agree that Plaintiffs were employed by Nissan. *Compare* Complaint, at ¶¶ 10 and 19 (Plaintiff's hired by Nissan) *with* Docket No. 23 (Nissan's Answer admitting that it was Plaintiffs employer). Rather than getting in the weeds of whether Plaintiffs exhausted their administrative remedies, Premise could merely have noted that Plaintiffs could only pursue these claims against their employer. "[O]nly employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Only employers or employment agencies are covered by the ADA. *Smith v. Potter*, 400 F. App'x. 806, 812 (5th Cir. 2010). "GINA prohibits an employer from discriminating or taking adverse actions against an employee[.]" *Ortiz v. City of San Antonio Fire Dept.*, 806 F.3d 822, 826 (5th Cir. 2015), and GINA used the definition of "employer" as that which is used under Title VII. *See* 42 U.S.C. § 2000ff(2)(B)(i). Quest made this argument, *see* Docket No. 11, at 16-17, but spent the bulk of its argument on exhaustion.

30, 2018. As such, Premise argues that the IIED claim became time barred in 2016, and the remaining common law claims became time barred in February 2018 (for Lenoir) and April 2018 (for Blake). Alternatively, Premise contends that each common law claim fails as a matter of law.

Plaintiffs respond that the entire motion to dismiss, including the arguments concerning the limitation periods, pertain only to Quest Diagnostics and not to Premise.[4] Specifically, they allege that Premise has not provided any evidence to show that the claims are time-barred and "the motion is one for summary judgment disguised as a motion to dismiss." Docket No. 27 at 4.

When Premise joined in Quest Diagnostics' motion to dismiss, it adopted all of the arguments therein as its own. Plaintiffs have not identified any meaningful factual difference between Quest Diagnostics and Premise to support the contention that the joinder was improper or that the timeliness arguments do not apply to Premise. Furthermore, while the issue of timeliness is an affirmative defense, in this case, there is no reason to believe that additional evidence is needed outside of Plaintiffs' own Complaint. These common law claims are time-barred. Accordingly, Counts VII-XII of the Complaint are dismissed and there is no need for the Court to entertain the substantive arguments regarding those claims.

In their surreply, Plaintiffs sought "leave to amend the Complaint to further delineate its claims with respect to Premise in accordance with Rule 15 of the Federal Rules of Civil Procedure." Docket No. 27 at 5. However, a motion to amend is not properly before the Court, *see Raju v. Murphy*, No. 3:17-CV-357, 2018 WL 5726201, at \*2 (S.D. Miss. Oct. 31, 2018), as it was filed in violation of Local Rule 7(b)(3)(C) and 7(b)(2).[5] The Court will grant Plaintiffs 14

---

[4] Plaintiffs' response did not address any of the arguments in the motion to dismiss. Instead, it focused on challenging the appropriateness of Premise's joinder in the motion and making general assertions of facial plausibility of all claims.

[5] Under Rule 7(b)(3)(C), "a response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." Local Rule 7(b)(2) further requires that "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."

days to properly file a motion to amend describing any claims they seek to assert against Premise. For these reasons, the motion to dismiss is GRANTED without prejudice.

**SO ORDERED**, this the 21st day of June, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE